**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

GRACEWAY
PHARMACEUTICALS, LLC and
CHESTER VALLEY
PHARMACEUTICALS, LLC,

   Plaintiffs,

v.

RIVER'S EDGE
PHARMACEUTICALS, LLC,

   Defendant.

CIVIL ACTION NO.
2:08-CV-00067-RWS

## **ORDER**

This case is before the Court for consideration of Plaintiffs' Motion to Compel [39] and Defendant's Motion to Compel [53]. After reviewing the record, the Court enters the following Order.

Plaintiffs' Motion to Compel [39]

In their Motion to Compel, Plaintiffs seek to compel Defendant to produce documents pursuant to Request No. 52 of Plaintiffs' First Request for Production of Documents to Defendant which states:

> ALL DOCUMENTS, that are not privileged, CONCERNING
> depositions of RIVER'S EDGE or its employees in previous
> litigation or government investigation, whether criminal or civil.

(Pls.' Br. in Support of Mot. to Compel [39], Exh. J at 23.) Defendant filed the following response to the request:

> Defendant objects on the grounds that Request No. 52 is vague, overly broad, unduly burdensome, and requests information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. Defendant further objects on the grounds that this Request seeks confidential and proprietary information subject to previously entered administrative protective order.

(Id., Exh. K at 29.) In Plaintiffs' Motion to Compel, Plaintiffs have narrowed the scope of their request by "only requesting the production of depositions given by River's Edge's employees and representatives in its prior false advertising lawsuits and affidavits, expert reports and advertising and marketing documents used as exhibits in those depositions." (Pl.'s Reply Br. [49] at 2.) Also, Plaintiffs originally sought to compel Defendant to verify its responses to Plaintiffs' First Interrogatories to Defendant. However, in their Reply Brief, Plaintiffs represent that the parties have reached an agreement regarding the unverified interrogatory responses and states that this issue no longer needs to be addressed by the Court. (Id. at 7.)

In response to Plaintiffs' Motion, Defendant argues that the request is overly broad because it seeks documents relating to "every criminal or civil action regardless of the subject matter of the alleged claims, identity of the

2

deponent, date of the deposition, or counsel involved. (Def.'s Response Br. [47] at 3-4.) The Court agrees that the Request as originally proffered, is overly broad. However, Plaintiffs have significantly reduced the breadth of the Request. The Court finds that the scope of the Request as set out in Plaintiffs' Reply Brief is not overly broad and includes matters that are subject to discovery in this proceeding.

Defendant also objects because the documents sought "were subject to Protective Orders entered in other jurisdictions." (Def.'s Resp. Br. at 8.) However, Defendant provides none of the Protective Orders that would be violated by its compliance with the Request to Produce. Considering the narrowed scope of the Request which now seeks only the depositions, affidavits, and statements of River's Edge employees, expert reports and depositions from River's Edge experts, and advertising and marketing documents of Marketing Edge, the Court is unable to conclude that any outstanding Protective Orders would necessarily be violated by this production. Furthermore, the confidentiality of such documents may be maintained pursuant to the terms of the Protective Order [12] in place in this action. *See* Tucker v. Ohtsu Tire & Rubber Co., Ltd., 191 F.R.D. 495 (D.Md. 2000).

3

Based on the foregoing, Defendant is hereby **ORDERED** to produce to Plaintiffs depositions given by Defendant's employees and representatives in its prior false advertising lawsuits, and affidavits, expert reports, advertising and marketing documents used as exhibits in those depositions. Said production shall be made within twenty (20) days of the entry of this Order.

Because the Request to Produce in issue was overly broad when originally served upon Defendant, the Court finds that Defendant's objection thereto was not inappropriate. Further, it appears that during the pendency of this Motion, the Request has been narrowed to an acceptable breadth. Because Defendant had legitimate grounds for opposing the Request, the Court **DENIES** Plaintiffs' Request for Attorney's Fees.

Defendant's Motion to Compel [53]

Defendant seeks to compel Plaintiff Graceway Pharmaceuticals, LLC ("Graceway") "to provide discovery intended to show that Benprox and Benziq are indeed equivalent or otherwise substitutable." (Def.'s Memo. in Support of Mot. to Compel [53] at 2.) This case involves a false advertising claim under the Lanham Act in which Plaintiffs challenge the truthfulness of Defendant's advertising for Benprox. "Graceway is challenging two distinct categories of

4

River's Edge advertising. The first category involves the claim that River's Edge's Benprox product is 'generic' for Graceway's Benziq. . . . Graceway is challenging the truthfulness of River's Edge's generic claims based on how pharmacists react to the claims. . . . [P]ractically all these pharmacists agree that a benzoyl peroxide product should only be linked as 'generic' with a brand if: (1) it has equivalent effectiveness as the brand, (2) it has equivalent safety as the brand, and (3) the generic version underwent comparative testing with the brand to prove their equivalence." (Pls.' Resp. Br. [68] at 4-6.) Plaintiffs have shown that the manufacturing process of the brand is not considered by pharmacists in their determination of whether a product is "generic." Therefore, Defendant's attempts to discover information about the manufacturing process for Benziq is not calculated to lead to any admissible evidence.

For this reason, the Court finds that Plaintiffs are not required to file further responses to Defendant's Interrogatories or Requests for Production.[1]

---

[1] Plaintiff's response to Interrogatory No. 20, which did not address the manufacturing process of Benziq, has been supplemented by Plaintiffs and requires no further action from the Court.

5

AO 72A
(Rev.8/82)

Conclusion

Based on the foregoing, Plaintiffs' Motion to Compel [39] is **GRANTED**, and Defendant's Motion to Compel [53] is **DENIED**.

**SO ORDERED**, this  27th  day of October, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)