**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

GRACEWAY
PHARMACEUTICALS LLC,
AND CHESTER VALLEY
PHARMACEUTICALS, LLC,

        Plaintiff,

    v.

RIVER'S EDGE
PHARMACEUTICALS, LLC,

        Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
2:08-CV-00067-RWS

## ORDER

This case is before the Court for consideration of Defendant's Motion for Leave to File Counterclaim [96]. After considering the entire record, the Court enters the following Order.

The underlying case rests on the accusation by Plaintiffs that Defendant falsely advertised its acne treatment product, "Benprox," as generic to or equivalent to Plaintiffs' product, "Benziq," without any foundation for such a claim. (Complaint [1] at 1). Plaintiffs allege that Defendant made, or caused to be made, false statements to pharmacists and others in the pharmaceutical distribution chain concerning the equivalence of the two products. (Id. at 2).

Plaintiffs brought claims under the Lanham Act, 15 U.S.C. 1125(a), as well as common law claims for unfair competition and misappropriation. (Id. at 17-25).

Defendant now seeks leave to add a counterclaim for false advertising, pursuant to the Lanham Act, 15 U.S.C. 1125(a). (Defendant's Memorandum in Support of Counterclaim ("Def.'s Memo") [96-1] at 4). Defendant alleges that Plaintiffs engaged in a campaign to disparage Defendant and its "Benprox" product by instructing its sales force to tell dermatologists and other physicians that "Benprox" is ineffective in treating facial acne. (Id. at 2-3). Defendant asserts that the counterclaim could not have been filed with its answer because the basis of the counterclaim was only learned during discovery. (Id. at 1).

Federal Rule of Civil Procedure 13(f) states: "[t]he court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." See also Fed. R. Civ. P. 15(a)(2) (party may amend its pleading only with leave of the court and the court should give leave when justice so requires). The question

2

the Court must address is whether justice requires that Defendant be given the opportunity to amend its answer to assert the false advertising counterclaim.[1]

The decision to allow Defendant leave to amend its answer to add a counterclaim is subject to the discretion of the Court. <u>Maynard v. Board of Regents</u>, 342 F.3d 1281, 1287 (11th Cir. 2003). While leave should be given when justice so requires, a motion to amend may be denied on numerous grounds such as "undue delay, undue prejudice to the [plaintiffs], and futility of the amendment." <u>Brewer-Giorgio v. Producers Video, Inc.</u>, 216 F.3d 1281, 1284 (11th Cir. 2000) (quoting <u>Abramson v. Gonzalez</u>, 949 F.2d 1567, 1581 (11th Cir. 1992).

The scheduling order [23] adopted by the Court established that the discovery period would close on November 17, 2008. On October 15, the Court granted Defendant's Emergency Motion for Extension of Time to Complete Discovery [58], extending the discovery period through December 17, 2008. (Order of Oct. 15, 2008 [71]). On November 25, 2008, Defendant

---

[1] Defendant does not contend that the counterclaim was omitted through oversight, inadvertence, or excusable neglect, therefore the relevant inquiry is whether justice requires an amendment of the pleadings. <u>See</u> Fed. R. Civ. P. 13(f).

filed the present motion seeking leave to add the counterclaim. The Court must determine whether Defendant's request to amend at this time constitutes undue delay, would prejudice the Plaintiffs, or is futile in nature.

The Court is concerned that Defendant waited until near the close of extended discovery to seek leave to file a counterclaim, when the only documents it cites as support for its counterclaim have been in its possession since September 9, 2008. (See Attachments to Def.'s Memo [96-4, 96-5, 96-7]; Plaintiff's Response to Def.'s Memo [110] at 3). The Court recognizes that Defendant asserts that it did not seek leave earlier because it sought to confirm through discovery its suspicions of false advertising presented by the emails produced on September 9. (See Defendant's Reply in Support of Motion [115] at 2). While this may be the case, the Court's greater concern is whether allowing the counterclaim will unduly delay the resolution of the case, particularly in light of the fact that the discovery period has closed and Defendant has already filed a motion for summary judgment [129].

Making this determination necessitates an examination of what evidence Defendant will need to present and what additional discovery will be necessary in order for Defendant to prove its counterclaim. In order for Defendant to

4

succeed on a false advertising claim under the Lanham Act, it must establish that:

> (1) the advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or services affects interstate commerce; and (5) the movant has been-or is likely to be-injured as a result of the false advertising.

Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004). The Court agrees with Defendant that in order to prove its counterclaim, it must examine how its product "Benprox" compares to Plaintiffs' "Benziq," and that this question has already been explored through discovery in this case. However, other evidence needed by Defendant to prove its claim would open up a new front in this case, and would cause unnecessary delay in its resolution.

Plaintiffs' claims concern alleged false statements made by Defendant to pharmacists and others involved in the pharmaceutical distribution process. (Complaint at 1-2). In contrast, the counterclaim Defendant seeks to assert concerns statements allegedly made by Plaintiffs' sales representatives to dermatologists and other physicians. (Def.'s Memo at 2-3). The evidence

5

necessary to prove Defendant's counterclaim would require extensive new discovery into the issue of whether dermatologists or physicians, not pharmacists, were deceived or misled by the claims of Plaintiffs' sale representatives. In addition to whether physicians were misled, discovery would be necessary into whether statements made by sales representatives affected the prescription writing decisions of physicians, thus ultimately influencing the purchasing decisions of consumers. As a corollary, additional discovery would be necessary on damages to determine whether Defendant was injured by Plaintiffs' statements, and if so, the extent to which it was injured.

While Defendant's counterclaim concerns the same two products involved in Plaintiffs' claims, the counterclaim involves a host of new actors (Plaintiffs' sales representatives, dermatologists and other physicians), not involved in the underlying claims. Therefore, because it is late in the day and the counterclaim will necessitate broad new discovery, justice does not require that the Court grant leave for Defendant to amend its answer. Defendant's counterclaim will produce "more attempts at discovery, delayed disposition of the case, and likely prejudice[]" to Plaintiffs as a result. Maynard, 342 F.3d at 1287.

6

For the foregoing reasons, Defendant's Motion for Leave to File Counterclaim [96] is hereby **DENIED**.

**SO ORDERED**, this  30th  day of September, 2009.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)