# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

GRACEWAY :
PHARMACEUTICALS LLC, :
AND CHESTER VALLEY :
PHARMACEUTICALS, LLC, :
 : CIVIL ACTION NO.
      Plaintiff, : 2:08-CV-00067-RWS
 :
v. :
 :
RIVER'S EDGE :
PHARMACEUTICALS, LLC, :
 :
      Defendant. :

## **ORDER**

This case is before the Court for consideration of Defendant's Motion for Amendment of Order to Add Statement Authorizing Immediate Appeal from Orders 73 and 114 [121]. After considering the entire record, the Court enters the following Order.

Defendant filed a Motion to Compel Discovery on September 19, 2008. On October 7, 2008, Plaintiffs filed their Response [68] to Defendant's Motion to Compel Discovery. The clerk's office submitted Defendant's motion to this Court on October 17, 2008, and this Court denied Defendant's motion in an Order [73] entered on October 27, 2008. In denying Defendant's motion, the

Court stated that "Defendant's attempts to discover information about the manufacturing process for Benziq is not calculated to lead to any admissible evidence." (Order of Oct. 27, 2008 [73], at 5).

Defendant filed a Motion for Reconsideration [75] on November 6, 2008, asking the Court to reconsider its October 27 Order. The Court entered an Order [114] denying Defendant's Motion for Reconsideration on December 24, 2008. The Court found that the "arguments offered by Defendant could have been offered when the Motion was originally considered," but were not put forth by Defendant at that time. (Order of Dec. 24, 2008 [114], at 2). The Court also noted that Defendant did not file a reply brief following Plaintiff's response to the motion to compel, and thus passed up the opportunity to respond to Plaintiffs' arguments and present new arguments. (Id. at 2 n.1).

Defendant's present motion is in response to the Court's denial of its motion to compel and the Court's subsequent denial of its motion for reconsideration. Defendant now asserts that it intended to file a reply brief to its motion to compel, but was denied that opportunity when the Court entered

2

an order before the time for filing the reply brief had run.[1] (Defendant's Memorandum in Support of Motion for Amendment of Order ("Def.'s Memo") [123] at 5). Defendant argues that the Court's denial of its motion to compel before the time had run to file a reply, coupled with the Court's refusal to consider the new arguments made by Defendant at the motion for reconsideration stage, deprived Defendant of due process. (Id. at 1-2). The Court now addresses Defendant's contentions.

First, Defendant has arguably waived the issue of its inability to file a reply brief. Defendant in its present motion, has for the first time complained about the inability to file a reply brief. When the clerk's office submitted Defendant's motion to the Court on October 17, Defendant's counsel was notified of that action via PACER. Defendant did not notify the Court that it intended to file a reply and that the Court should delay ruling on the motion. The Court's order denying the motion was not entered until the afternoon of the last day on which Defendant could have filed a timely reply brief. Upon

---

[1] The Court entered the Order denying Defendant's motion to compel on the afternoon of October 27, 2008. That was the last day on which Defendant could have filed a reply. (See Def.'s Memo at 4-5 (explaining why Defendant had until October 27 to file a reply to the response which was filed on October 7)).

3

notification of this Order, Defendant still did not contact the Court to alert the Court that it had a reply brief ready to file, the filing of which the Court made impossible by its early ruling. Defendant also did not assert in its motion for reconsideration that it had intended to file a reply brief that would have set forth the arguments presented in the reconsideration motion had it not been prevented by the Court. It was not until the present motion, that Defendant notified the Court that it was prevented from filing a reply brief.

Second, Defendant has not satisfied its burden of demonstrating to the Court that the discovery sought in the motion to compel warrants an immediate appeal to the Eleventh Circuit. Generally "orders granting or denying discovery are not final orders within the meaning of [28 U.S.C.] 1291 and therefore are not immediately appealable." Rouse Const. Intern., Inc. v. Rouse Const. Corp., 680 F.2d 743, 745 (11th Cir. 1982). However, Defendant now requests authorization to take an immediate appeal on the basis of 28 U.S.C. 1292(b), which states:

> When a district judge, in making in a civil action an
> order not otherwise appealable under this section,
> shall be of the opinion that such order involves a
> controlling question of law as to which there is
> substantial ground for difference of opinion and that

4

> an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Defendant has the burden to "make the showings necessary to establish a right to interlocutory appeal." CSX Transp., Inc. V. Kissimmee Util. Auth., 153 F.3d 1283, 1286 (11th Cir. 1998). In order to obtain Section 1292(b) certification, "the litigant must show not only that an immediate appeal will advance the termination of the litigation but also that the appeal involves a controlling question of law as to which there is substantial ground for difference of opinion." OFS Fitel, LLC, v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1359 (11th Cir. 2008). The Defendant has not met its burden. The information that Defendant sought to obtain through its motion to compel concerned Plaintiff's manufacturing process. Defendant has not persuaded the Court that obtaining this information is necessary to its defense and will advance the termination of this litigation. Furthermore, a determination by this Court that the discovery sought will not lead to admissible evidence does not involve a controlling question of law.

5

For the foregoing reasons, Defendant's Motion for Amendment of Order to Add Statement Authorizing Immediate Appeal from Orders 73 and 114 [121] is hereby **DENIED**.

**SO ORDERED**, this  30th  day of September, 2009.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

6